UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                    Case No. 05-80480

                                    Honorable Patrick J. Duggan

DERRICK RHODES,

    Defendant.

_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 13, 2009

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                           U.S. DISTRICT COURT JUDGE

     This matter is before the Court on a Motion for Resentencing Pursuant to 18 U.S.C. § 3582(c) initially filed pro se by Derrick Rhodes ("Defendant") and then subsequently through appointed counsel. The government filed a response opposing the motion. For the reasons set forth below, the Court denies Defendant's motion.

**I. Background**

     On December 14, 2005, Defendant pled guilty to one count of possession with intent to distribute crack cocaine in violaterion of 21 U.S.C. § 841(a)(1). A presentence investigation was conducted and a presentence investigation report was filed on January 20, 2006. Under § 2D1.1 of the 2006 U.S. Sentencing Guidelines Manual, the adjusted offense

level for Defendant's count of conviction was 29.[1] Because Defendant was categorized as a career offender, however, the applicable offense level was 34.[2] Combining this with a criminal history category of VI, Defendant faced a sentencing guideline range of 262 to 327 months.

The day before Defendant's sentencing, however, the government filed a motion pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 requesting that the Court impose a sentence in the range of 210 to 262 months imprisonment to reflect Defendant's substantial assistance in the investigation and prosecution of others. The Court granted the government's motion and sentenced Defendant to 210 months in prison on April 19, 2006.

On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which effectively provides a two-level reduction in base offense levels for crack cocaine offenses under U.S. Sentencing Guidelines Manual § 2D1.1. U.S. Sentencing Guidelines Manual app. C, Amend. 706 (2007). The Commission made the amendment retroactively applicable. *See* U.S. Sentencing Guidelines Manual § 1B1.10(c). Defendant now moves this Court to resentence him in accord with the amendment.

**II. Analysis**

This Court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

---

[1] Defendent's offense involved more than 50 grams of cocaine base resulting in a base offense level of 32. This was reduced three levels based on Defendant's acceptance of responsibility.

[2] *See* U.S. Sentencing Guidelines Manual § 4B1.1. The "Offense Statutory Maximum" for Defendant's count of conviction was life, resulting in an offense level of 37 that was again reduced three levels for Defendant's acceptance of responsibility.

Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Because Amendment 706 affects the base offense level under U.S. Sentencing Guidelines Manual § 2D1.1, the issue presented by Defendant's motion is whether his sentence was "based on" that guideline. Defendant makes two arguments to this effect.

First, Defendant argues that all sentences imposed under § 4B1.1 for career offenders are "based on" the guideline range for the count of conviction because the offense level under that guideline depends on the statutory maximum for the underlying offense. Amendment 706, however, did not affect the statutory maximum for crack cocaine offenses and Defendant's argument has been universally rejected by the courts. *See, e.g.*, *United States v. Poindexter*, 550 F. Supp. 2d 578, 580 (E.D. Pa. 2008) ("Where a defendant was sentenced directly under the career offender guideline, the drug quantity table does not figure into the guideline range calculus and so a modification of that table cannot have the effect of lowering the defendant's sentence."); *see also United States v. Biami*, 548 F. Supp. 2d 661, 666 (E.D. Wis. 2008) (listing cases reaching this conclusion).

Perhaps sensing defeat under his first argument, Defendant next argues that, because his sentence fell below the guideline for career offenders, the Court must have based his sentence on § 2D1.1. In support of this argument, Defendant cites several cases where Amendment 706 has been found to apply to career offenders who received sentences below the applicable career offender guideline range. (Mem. in Supp. of Def.'s Mot. at 5-7.) In each case cited by Defendant, however, the downward departure resulted from the sentencing court's determination that the career offender designation "substantially overrepresented" the defendant's criminal history. *See, e.g.*, *Poindexter*, 550 F. Supp. 2d at 580. Based on that

3

determination, the courts sentenced each defendant "to that which he would have faced absent the career offender designation." *Id.* at 581. As a result, the defendants in those cases received sentences based on § 2D1.1.

In this case, the Court's downward departure was not based on a determination that the career offender designation substantially overrepresented Defendant's criminal history; rather, the Court departed downward because of the government's § 5K1.1 motion. Such a downward departure is not based on § 2D1.1 and, therefore, Amendment 706 is not applicable to Defendant. *See United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008); *see also United States v. Collier*, No. 4:05-CR-313 CAS, 2008 WL 4204976, at *2 (E.D. Mo. Sept. 5, 2008).

Accordingly,

**IT IS ORDERED** that Defendant's motion for resentencing is **DENIED**.

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Jonathan M. Epstein, Esq.
Kevin M. Mulcahy, AUSA